IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CELESTINE L. THOMAS BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3533-SSA-CV-S-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Claimant Celestine L. Thomas Brooks seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq.* She claims she became disabled beginning on December 31, 2000. The parties' briefs were fully submitted, and on June 28, 2005, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).  The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Brooks, who was born in 1963, completed high school but took special education classes.  She previously worked as a physical therapy aid, a patient transporter and a nurse assistant.  She claims she is disabled from blood clots in her arm, cirrhosis of the liver, bronchitis, depression and a learning disability.  Her records indicate a series of hospitalizations and treatments for substance abuse and problems associated with substance abuse.  She claims sobriety beginning in June 2003.

After reviewing the evidence, the Administrative Law Judge (ALJ) found Brooks had as severe impairments, a learning disability, depression, anxiety and substance abuse. He found her leg problem, hepatitis B, possible fatty liver disease and history of blood clots in her arm to be nonsevere because they did not require continuing medical treatment. He decided that claimant would be disabled if her substance abuse was considered, but was not disabled within the meaning of the Social Security Act when the substance abuse was not considered. Ultimately, he decided that she could perform her past relevant work.

Claimant testified that she lost her job as a physical therapy aid when the procedures changed and she was required to make written entries. She stated she could not read and write well enough to do the job. Likewise, there is evidence of an ongoing leg problem following a broken bone that did not heal, and that might prevent her from being able to do the job as a patient transporter. Claimant's GAF scores, after she was sober for several months, continued to be low.

The ALJ's determination of residual functional capacity must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations. 20 C.F.R. § 404.1545." Pearsall v. Massanari, 274 F.3d 1211, 1214 (8th Cir. 2001). Thus, the ALJ must set forth the limitations and determine how those limitations affect his or her RFC. Lewis v. Barnhart, 353 F.3d at 646.

In reviewing the record as a whole, the court finds that the ALJ lacked sufficient evidence to determine what claimant could do when her physical and mental impairments were considered together. Although claimant formerly worked as an aid, there is substantial evidence that she lacked the literacy requirements to continue in that occupation. The record appears to be incomplete in that it does not show she has been tested for literacy and for IQ. Further, the ALJ did not appear to consider, and may not have had the opportunity to consider, that her more recent physical problems have required ongoing treatment. There was also a suggestion made that claimant's lack of resources meant she did not have a regular physician, and thus, did not have appropriate follow-up care, even when it was required.

Accordingly, for these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further development of the record with regard to claimant's literacy, IQ, and physical condition, and for reconsideration after the record is developed.

Dated this 13th day of July, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

4